*550 OPINION.
Tyson:
While the record in this proceeding does not establish definitely the financial condition of the St. Louis Co. at any time, it is clear that it was a losing venture, particularly after the first three years of its existence. It is evident that in 1929 the St. Louis Co.’s capital stock was worth a great deal less than par and in that year the petitioner disposed of the 450 shares of such stock, which had cost it $45,000 in 1924, in exchange for 500 shares of its own capital stock, having a total par value of $25,000, which were canceled and retired. That constituted a closed transaction, and whether it resulted in a realized and deductible loss in 1929 is not an issue in this proceeding. The petitioner did claim a deduction of $20,000 on its 1929 return on account of that transaction and the respondent disallowed that deduction in his deficiency notice dated November 17, 1931. The petitioner acquiesced in that determination and paid the additional tax for 1929.
On November 24, 1931, and in pursuance of a plan designed to enable the petitioner to secure a deduction of $44,000 as a loss sustained in 1931, the $45,000 par value stock of the St. Louis Co. was transferred to petitioner by Eogers (who with his wife owned the majority of petitioner’s capital stock) in exchange for $25,000 par value of petitioner’s stock. In further pursuance of that plan, said St. Louis Co. stock was transferred by petitioner to Eogers for $1,000 in December 1931. The purpose of the plan was to eliminate the effect of the closed transaction of 1929 and thereby restore to petitioner a cost basis of $45,000, as of 1924, for determining a loss of $44,000 upon a disposition of the St. Louis Co. stock in December 1931. However, that purpose was not effectuated, for the 1929 transaction was completed and became a closed transaction in that year for income tax purposes. If the petitioner’s acquisition of the St. Louis Co. stock in November 1931 and its disposition thereof in December 1931 had been bona fide transactions the cost of such stock to petitioner in November 1931 would have been the basis for determining the amount of the loss sustained upon the disposition thereof in December 1931. The petitioner does not prove that the 450 shares of St. Louis Co. stock cost it anything in November 1931, for the reason *551 that there is no evidence as to the value of that time of petitioner’s capital stock which was given in exchange for the 450 shares of St. Louis Co. stock.
In December 1931 the stock of the St. Louis Co. “was not worth hardly anything.” There is no proof that it was any more valuable in the preceding month of November 1931, or that there was any material change in the affairs of the St. Louis Co. between those dates. From this record it is clear that the stock of the St. Louis Co. had little, if any, value in November as well as in December of 1931.
Thus it is clear that, in fact, the transactions in November and December of 1931 involving the 450 shares of ‘St. Louis Co. stock which had little, if any, value in either month, were merely transfers in form and lacked substance and were not bona fide transactions resulting in any deductible loss. The respondent’s disallowance of the claimed deduction of $44,000 as a loss is approved. Cf. Wishon-Watson Co. v. Commissioner, 66 Fed. (2d) 52; Rubay Co., 9 B. T. A. 133; John M. Burdine Realty Co., 20 B. T. A. 54; Sydney M. Shoenberg, 30 B. T. A. 659; affd., 77 Fed. (2d) 446; certiorari denied, 296 U. S. 586.
The petitioner’s tax return for 1931 failed to disclose the transfer of November 1931, which should have been reported as the date of acquisition for the purpose of claiming the amount, if any, of a loss on the St. Louis Co. stock in 1931, thus concealing the true facts from the respondent, and, further, the return falsely reported that this stock had been acquired in 1924 at a cost of $45,000, leaving the necessary inference that it had been owned by petitioner continuously thereafter until the purported sale to Rogers for $1,000 in December 1931. The return was false and fraudulent and made with intent to evade tax, and we have so found as a fact. Cf. Sol H. Goldberg, 36 B. T. A. 44; Victor A. Dorsey, 33 B. T. A. 295; Charles E. Mitchell, 32 B. T. A. 1093; affirmed in part, 89 Fed. (2d) 873; D. C. Clarke, 22 B. T. A. 314; M. Rea Gano, 19 B. T. A. 518; Chas. F. Long,. 12 B. T. A. 488.
The deficiency in controversy being due, at least in part, to fraud with intent to evade tax, the respondent’s determination of the 50 percent addition to the deficiency, pursuant to section 293 (b) of the Revenue Act of 1928, is approved and, consequently, under section 276 (a) of the Revenue Act of 1928, the assessment and collection of the deficiency is not barred by the statute of limitations.
Reviewed by the Board.

Decision will be entered for the respondent.